UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA BRANDT,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5205** |
| **WAL-MART LOUISIANA, LLC,**<br>    **Defendant** | **SECTION: "E"(2)** |

### ORDER AND REASONS

Before the Court is the Defendant's Rule 12(b)(6) motion to dismiss or, in the alternative, a Rule 12(e) motion for more definite statement.[1] The motion is opposed.[2] For the reasons that follow, the Rule 12(e) motion for more definite statement is **GRANTED**, and the Rule 12(b)(6) motion to dismiss is **DENIED WITHOUT PREJUDICE**.

### BACKGROUND

This is a personal-injury case. On September 14, 2015, Plaintiff Melissa Brandt filed a Petition for Damages against the Defendant, Wal-Mart Louisiana, LLC, in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.[3] On October 16, 2015, the case was removed to federal court on the basis of the Court's diversity-of-citizenship jurisdiction.[4]

Plaintiff's claims arise out of a forklift accident involving her husband, Christopher Brandt, at the Wal-Mart store located at 5110 Jefferson Highway in Harahan, Louisiana.[5] According to the state-court petition, on April 7, 2015, Christopher Brandt, a technician

---

[1] R. Doc. 7.
[2] R. Doc. 8.
[3] R. Doc. 1-2 at 1.
[4] *See generally* R. Doc. 1.
[5] R. Doc. 1-2 at 1–2.

1

for Malin USA, a forklift service company, was dispatched to the Wal-Mart store to perform maintenance on a forklift owned and operated by Wal-Mart.[6] After "jacking up" the forklift to access its underbody, the Plaintiff claims the forklift "crashed to the ground" and crushed Christopher Brandt, killing him.[7] As a result of the accident and her husband's death, Plaintiff Melissa Brandt filed wrongful death and survival actions against Wal-Mart Louisiana, LLC, under Louisiana law.[8] According to Plaintiff, Wal-Mart Louisiana, LLC, is responsible, at least in part, for Christopher Brandt's death under theories of negligence and/or strict liability.[9] Specifically, as alleged in the state-court petition, Plaintiff contends the Defendant "negligently stored, maintained, [and] operated the forklift" and "failed to provide a safe manner to access the forklift."[10] Plaintiff argues Christopher Brandt "died as a direct and proximate result" of the negligent acts described above.[11] Plaintiff also asserts a strict liability cause of action, arguing the forklift was in the "custody, care, and control" of the Defendant and that Christopher Brandt died as a "direct and proximate result of the ruin, vice, or defect of the forklift that should have been known by the defendant."[12]

## LAW AND ANALYSIS

Defendant, Wal-Mart Louisiana, LLC, moves to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for a more definite statement of Plaintiff's claims under Rule 12(e).[13] According to the Defendant, Plaintiff's claims consist of "conclusory allegations of negligence, devoid of the factual

---

[6] *Id.* at 2.
[7] *Id.*
[8] *Id.* at 4.
[9] *Id.* at 3–4.
[10] *Id.* at 3.
[11] *Id.*
[12] *Id.*
[13] *See generally* R. Docs. 7, 7-1.

content necessary to state a claim for relief against Wal-Mart."[14] More specifically, the Defendant contends the state-court petition merely alleges, in a conclusory manner, "that Wal-Mart was negligent in failing to properly store, maintain, and operate the forklift, and in failing to provide a safe manner to access the forklift. . . . Alternatively, the Petition alleges that Wal-Mart is strictly liable for a vice or defect in a thing in its custody, the forklift."[15] The Defendant maintains that such allegations are insufficient to state viable claims for relief against Wal-Mart pursuant to Rule 12(b)(6) and, therefore, Plaintiff's claims should be dismissed, or in the alternative, Plaintiffs should be required to provide a more definite statement of the claims against Wal-Mart pursuant to Rule 12(e).

"While a motion to dismiss under Rule 12(b)(6) attacks a pleading for failing to allege a cognizable legal theory eligible for some type of relief, a Rule 12(e) motion for more definite statements attacks pleadings that do, in fact, state cognizable legal claims but that fail to state them with sufficient particularity."[16] Rule 12(e) allows a party to move for a more definite statement of a complaint when it is "so vague or ambiguous that the party cannot reasonably prepare a response."[17] The United States Supreme Court has held that, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[18] "A complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit

---

[14] R. Doc. 7-1 at 1.
[15] *Id.* at 2.
[16] *Martin v. Tesoro Corp.*, No. 2:11-CV-1413, 2012 WL 1866841, at *2 (W.D. La. May 21, 2012) (citations omitted).
[17] FED. R. CIV. P. 12(e). *See also Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).
[18] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

inferences to be drawn that these elements exist."[19] "In deciding whether to grant a Rule 12(e) motion, the trial judge is given considerable discretion."[20]

The Court finds that the claims alleged by the Plaintiff in her state-court petition are vague and ambiguous and, under Rule 12(e), require amendment. The Court thus grants the Defendant's Rule 12(e) motion for a more definite statement. The Plaintiff shall file an amended complaint setting forth more detailed factual allegations and specifying her causes of action and bases therefor, such that the Defendant can prepare an appropriate response to Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Rule 12(e) motion for more definite statement is **GRANTED**, and Plaintiff shall file, no later than **Thursday, April 28, 2016**, at **5:00 p.m.**, an amended complaint.

**IT IS FURTHER ORDERED** that Defendant's Rule 12(b)(6) motion to dismiss is **DENIED WITHOUT PREJUDICE** to the Defendant's right to re-urge the motion to dismiss after Plaintiff amends her complaint.

**New Orleans, Louisiana, this 13th day of April, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[19] *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).
[20] *Fleming v. Transocean Offshore USA, Inc.*, No. Civ.A. 04-2740, 2004 WL 2984325, at *2 (E.D. La. Dec. 14, 2004) (citing *Newcourt Leasing Corp. v. Regional Bio-Clinical Lab, Inc.*, No. Civ.A. 99-2626, 2000 WL 134700, at *1 (E.D. La. Feb. 1, 2000); *MedRehab v. Evangeline v. Natchitoches, Inc.*, No. Civ.A. 98-1663, 1998 WL 671287, at *1 (E.D. La. Sept. 24, 1998)). *See also Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 440 n.9 (5th Cir. 2010) (citing *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989)).